UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **JESSE RODRIGUEZ, on behalf of himself and all others similarly situated**, <br>                    Plaintiff, <br>         v. <br> **EXPERIAN INFORMATION SOLUTIONS, INC. AND ALLIANCEONE RECEIVABLES MANAGEMENT, INC.**, <br>                    Defendants. | No. <br><br> **COMPLAINT—CLASS ACTION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff alleges:

### **INTRODUCTION**

1. Plaintiff, Jesse Rodriguez, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") alleging credit reports prepared by Defendant Experian Information Solutions, Inc. ("Experian") concerning him and class members were used for an impermissible purpose in violation of the FCRA.

2. Plaintiff further alleges Experian failed to follow reasonable procedures to ensure maximum accuracy of credit reports it prepared concerning Plaintiff, and failed to

**COMPLAINT—CLASS ACTION** – 1

**CONCORD LAW, P.C.**
6608 216th St. SW, Suite 107A
Mountlake Terrace, WA 98043
Ryan@ConcordLawSeattle.com
(206) 512-8029 F: (206) 512-8914

investigate credit report inaccuracies in response to Plaintiff's disputes.

3. Plaintiff seeks statutory, actual, and punitive damages for himself and class members, injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

4. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the State of Washington, and violated Plaintiffs rights under the FCRA in the State of Washington as alleged more fully below.

5. Venue is proper in this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

6. Plaintiff, Jesse Rodriguez ("Plaintiff"), is a resident of the State of Washington, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Experian is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

8. Experian's North American headquarters are located at 475 Anton Blvd., Costa Mesa,

**COMPLAINT—CLASS ACTION** – 2

**CONCORD LAW, P.C.**
6608 216th St. SW, Suite 107A
Mountlake Terrace, WA 98043
Ryan@ConcordLawSeattle.com
(206) 512-8029 F: (206) 512-8914

California 92626.

9. Defendant AllianceOne Receivables Management, Inc. ("AllianceOne") is a debt collector, and operates out of an address located at 6565 Kimball Drive Suite 200, Gig Harbor Washington, 98335.

## FACTUAL ALLEGATIONS

10. Prior to June 2014, a credit report concerning Plaintiff prepared by Experian listed four purported debts in Plaintiff's name arising out of alleged vehicle parking violations ("Parking Ticket Debts"). The original creditor for each Parking Ticking Debt was listed on Plaintiff's Experian credit report as "Seattle," and each such debt was, approximately, between $50 and $100.

11. The Parking Ticket Debts were listed on Plaintiff's Experian credit report under the heading "ALLIANCE ONE RECEIVABLES," a reference to Defendant AllianceOne. AllianceOne is either a debt collector in connection with the Parking Ticket Debts, or has become the purported creditor with respect to the Parking Ticket Debts.

12. Plaintiff disputed the Parking Ticket Debts with Experian repeatedly in June and October 2014. Experian responded to each such dispute by U.S. mail, noting the disputed Parking Ticket Debts had been "Updated," which, Experian explained, means, "A change was made to this item; review this report to view the change. If ownership of the item was disputed, then it was verified as belonging to you."

13. Plaintiff continued to repeatedly dispute the Parking Ticket Debts with Experian, in December 2014, and, by certified mail, in March and April 2015. Plaintiff received no response from Experian to the December 2014 or March-April 2015 disputes indicating

COMPLAINT—CLASS ACTION – 3

Experian took any action to investigate the Parking Ticket Debts, and, upon information and belief, Experian made no further updates to Plaintiffs credit report in response to any of these disputes.

14. In May 2015, Plaintiff called AllianceOne by phone to discuss the Parking Ticket Debts appearing on his Experian credit report. During this phone-call, AllianceOne informed Plaintiff it had requested from Experian that the Parking Ticket Debts be removed from any credit report concerning Plaintiff.

15. Thereafter, in May 2015, Plaintiff called Experian by phone to discuss the Parking Ticket Debts and request their removal from his credit report, whereupon Experian told Plaintiff to again file a dispute of the Parking Ticket Debts. Plaintiff was told by Experian in this phone call that a manager would call him to discuss the Parking Ticket Debts within 72 hours. However, Plaintiff received no phone call from Experian.

16. Thereafter, on May 21, 2015, each of the Parking Ticket Debts continued to appear on Plaintiff's Experian credit report, and the credit report noted, with respect to each such debt, "This item is currently being investigated."

17. On or around May 27, 2015, plaintiff submitted a complaint on the Consumer Financial Protection Bureau ("CFPB") website regarding the appearance of the Parking Ticket Debts on his Experian credit report.

18. Prior to June 16, 2015, Experian responded to Plaintiff's complaint on the CFPB website, in part, as follows:

"Our research reflects that you contacted our National Consumer Assistance Center to request an investigation regarding the disputed accounts. At that time,

**COMPLAINT—CLASS ACTION** – 4

CONCORD LAW, P.C.
6608 216th St. SW, Suite 107A
Mountlake Terrace, WA 98043
Ryan@ConcordLawSeattle.com
(206) 512-8029 F: (206) 512-8914

we began an investigation into the disputed accounts. Since that time, the disputed information has been deleted from your credit report at the data furnisher's request."

19. Experian's response to the CFPB complaint was false. In fact, and adversely affecting Plaintiff's credit, as of June 16, 2015, the Parking Ticket Debts remained as "Credit Items" on Plaintiff's credit report, and each such debt was listed as having been in "Collection" for the months of November 2014 and June 2015.

20. On June 15, 2015, Plaintiff obtained an "Experian Credit Tracker Report" concerning his own credit background. The Experian Credit Tracker Report is a credit monitoring product offered by Experian to consumers, allowing consumers to review their own credit information as compiled by Experian. Plaintiff's Experian Credit Tracker report lists all four Parking Ticket Debts as past due, and lists two of the Parking Ticket Debts as "seriously past due" in the amount of $2,448. Experian's Credit Tracker Report concerning Plaintiff evidences egregious shortcomings in Experian's management and maintenance of credit information regarding Plaintiff.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings Count III of this action as a nationwide wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all others similarly situated.

22. The Class (hereinafter, "Class") consists of: All natural persons residing in the United States whose consumer report as defined by 15 U.S.C. § 1681a(d) was furnished to AllianceOne by Experian for the purpose of collecting a debt arising out of any vehicle

COMPLAINT—CLASS ACTION – 5

parking violation in the United States. The class excludes all persons who have filed for bankruptcy.

23. The Class period begins two years to the filing of this Action.

24. This Action is properly maintained as a class action. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

a) Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds, or thousands, of persons whose credit reports were furnished by Experian to AllianceOne for the purpose of collecting debts arising out of vehicle parking violations in the United States;

b) There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the defendants violated various provisions of the FCRA including but not limited to 15 U.S.C. § 1681b.

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv. Whether Plaintiff and the Class are entitled to declaratory and/or

**COMPLAINT—CLASS ACTION** – 6

      injunctive relief.

      v.      Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

c) Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

d) Plaintiff will fairly and adequately protect the interest of the Class and has retained competent attorneys to represent the Class.

e) A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

f) A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

g) Defendants have acted on grounds generally applicable to the entire Class,

**COMPLAINT—CLASS ACTION** – 7

thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## FAILURE TO INVESTIGATE
## 15 U.S.C. § 1681i

25. All preceding paragraphs are realleged.

26. Plaintiff alleges Count I for himself but not on behalf of the Class.

27. Section 1681i of the FCRA requires a credit reporting agency such as Experian to conduct a reasonable investigation in response to any consumer dispute of information appearing on that consumer's credit report.

28. Experian has repeatedly and on-goingly failed to conduct a reasonable investigation in response to Plaintiff's disputing the Parking Ticket Debts and their appearance on his Experian credit report. Specifically:

a) In December 2014 and March and April 2015 Plaintiff disputed with Experian the Parking Ticket Debts appearing on his Experian credit report. Experian failed to conduct a reasonable investigation in response to these disputes.

   i. Plaintiff received no investigation results following his December 2014 and March-April 2015 dispute of the Parking Ticket Debts.

   ii. By May of 2015, Plaintiff spoke a representative of Experian regarding the Parking Ticket Debts and was instructed to submit yet another dispute regarding the same. Experian's requiring that yet another dispute be filed regarding the Parking Ticket Debts demonstrates that it had no pending

COMPLAINT—CLASS ACTION – 8

**CONCORD LAW, P.C.**
6608 216th St. SW, Suite 107A
Mountlake Terrace, WA 98043
Ryan@ConcordLawSeattle.com
(206) 512-8029 F: (206) 512-8914

investigation regarding the same.

b) In his May 2015 phone call with Experian, Plaintiff was told that an Experian manager would call him to discuss the Parking Ticket Debts within 72 hours. Plaintiff received no such phone call. Experian's failure to call Plaintiff, after representing that it would do so, itself constitutes an unreasonable failure to investigate the disputed Parking Ticket Debts.

c) Experian's failure to remove the Parking Ticket Debt from Plaintiff's credit report, despite AllianceOne's representation that it had specifically requested Experian do so, demonstrates that Experian conducted no reasonable investigation into the disputed Parking Ticket Debts.

d) Experian represented, in response to Plaintiff's CFPB complaint, that the disputed Parking Ticket Debts had been removed from Plaintiff's credit reports: "the disputed information has been deleted from your credit report at the data furnisher's request." In fact, the disputed Parking Ticket Debts continue to appear on Plaintiffs Experian credit reports. Experian's false and inconsistent statements are evidence that it has failed to reasonably investigate the inaccuracies Plaintiff brought to its attention.

29. Experian's violations of the FCRA are egregious to the point of being willful, giving rise to liability under 15 U.S.C. § 1681n, or in the alternative, negligent, giving rise to liability under 15 U.S.C. § 1681o.

30. Upon information and belief, Plaintiff has suffered damages as a result of

**COMPLAINT—CLASS ACTION** – 9

**CONCORD LAW, P.C.**
6608 216th St. SW, Suite 107A
Mountlake Terrace, WA 98043
Ryan@ConcordLawSeattle.com
(206) 512-8029 F: (206) 512-8914

Experian's violations of the FCRA, including, without limitation, the adverse impact to his credit caused by the appearance on his credit report of alleged debts as "Credit Items," and as having been in "collection," which, upon reasonable investigation by Experian, should have been removed.

## COUNT II
## FAILURE TO ASSURE
## MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)

31. All preceding paragraphs are realleged.

32. Plaintiff alleges Count II for himself but not on behalf of the Class.

33. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

34. Experian acknowledged, with respect to the Parking Ticket Debts, in its response to Plaintiff's CFPB complaint: "the disputed information has been deleted from your credit report at the data furnisher's request."

35. In fact, thereafter, the Parking Ticket Debts continued to appear as "Credit Items," and has having been in "Collection," and thus adversely affecting Plaintiffs credit, in credit reports concerning Plaintiff prepared by Experian.

36. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would remove the Parking Ticket Debts

COMPLAINT—CLASS ACTION – 10

CONCORD LAW, P.C.
6608 216th St. SW, Suite 107A
Mountlake Terrace, WA 98043
Ryan@ConcordLawSeattle.com
(206) 512-8029 F: (206) 512-8914

from Plaintiff's credit report. Indeed, Plaintiff has disputed the Parking Ticket Debts with other major credit reporting agencies, who have removed the debts from credit reports they prepare concerning Plaintiff.

37. Upon information and belief, Plaintiff has suffered damages as a result of Experian's violations of the FCRA, including, without limitation, the adverse impact to his credit caused by the appearance on his credit report of alleged debts as "Credit Items," and as having been in "collection," which would have been removed but for Experian's violation of section 1681e(b) of the FCRA.

## COUNT III
## IMPERMISSIBLE PURPOSE
## 15 U.S.C. § 1681b

38. All preceding paragraphs are realleged.

39. Plaintiff brings Count III of this action for himself and on behalf of the Class.

40. Section 1681b(a) of the FCRA provides that a consumer reporting agency may furnish a consumer report to a third-party solely under the circumstances listed thereunder. Section 1681b(f) of the FCRA prohibits any person from using or obtaining "a consumer report for any purpose unless the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished" under section 1681b of the FCRA.

41. The collection of a debt alleged to arise out of vehicle parking violations is not a permissible purpose for furnishing a credit report to a third-party under the FCRA. *See, Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2010).

**COMPLAINT—CLASS ACTION** – 11

**CONCORD LAW, P.C.**
6608 216th St. SW, Suite 107A
Mountlake Terrace, WA 98043
Ryan@ConcordLawSeattle.com
(206) 512-8029 F: (206) 512-8914

42. Plaintiff's Experian consumer report reflects that AllianceOne submitted a request to Experian for a copy of Plaintiff's consumer report on December 14, 2013 and on April 3, 2014.

43. Upon information and belief, the purpose for which AllianceOne requested a copy of Plaintiff's consumer report from Experian was to collect the Parking Ticket Debts. AllianceOne is an alleged creditor of Plaintiff, or debt collector in connection with an alleged debt owed by Plaintiff, solely with respect to the Parking Ticket Debts.

44. Upon information and belief, Experian furnished a consumer report concerning Plaintiff to AllianceOne in response to its requests for the same.

45. Upon information and belief, AllianceOne used a copy of Plaintiff's Experian consumer report for the purpose of collecting the Parking Ticking Debts.

46. The furnishing and use of Plaintiff's consumer report for the purpose of collecting debts arising out of vehicle parking violations is a violation of sections 1681b(a) and 1681b(f) of the FCRA.

47. In response to AllianceOne's debt collection efforts, Plaintiff paid all four Parking Ticket Debts.

48. Defendants conduct caused actual damages, including but not limited to the collection of amounts owed, or alleged to be owed, for vehicle parking violations which would not have been collected but for the violations of the FCRA alleged herein.

49. All Defendants' violations of the FCRA were willful, giving rise to liability under 15 U.S.C. § 1681n, or in the alternative, negligent, giving rise to liability under 15 U.S.C. § 1681o.

**COMPLAINT—CLASS ACTION** – 12

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

a) Awarding Plaintiff and the Class statutory damages;

b) Awarding Plaintiff and the Class actual and punitive damages;

c) Awarding Plaintiff costs of this action and reasonable attorneys' fees and expenses;

d) Awarding pre-judgment interest and post-judgment interest;

e) A declaration that Defendants' conduct alleged herein is in violation of the FCRA as set forth more fully above;

f) A court order enjoining Defendants from such further violations of the FCRA as alleged herein;

g) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands trial by jury on all issues so triable.

**COMPLAINT—CLASS ACTION** – 13

**CONCORD LAW, P.C.**
6608 216th St. SW, Suite 107A
Mountlake Terrace, WA 98043
Ryan@ConcordLawSeattle.com
(206) 512-8029 F: (206) 512-8914

DATED this 3rd day of August, 2015.

Respectfully submitted,

**CONCORD LAW, P.C.**

By: s/Ryan M. Pesicka

Ryan M. Pesicka, WSBA 48182
6608 216th St. SW, Suite 107A
Mountlake Terrace, WA 98043
Ryan@ConcordLawSeattle.com
(206) 512-8029
F: (206) 512-8914
***ATTORNEYS FOR PLAINTIFF***

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman (applying for admission pro hac vice)
324 South Beverly Drive #725
Beverly Hills, CA 90212
tfriedman@attorneysforconsumers.com
(877) 206-4741
(866) 633-0228 Facsimile

**MARCUS ZELLMAN, LLC**
Ari M. Marcus, Esq. (applying for admission pro hac vice)
1500 Allaire Avenue – Suite 101
Ocean, NJ 07712
Ari@MarcusZelman.com
(732) 695-3282
Fax: (732) 298-6256

**LAW OFFICE OF GABRIEL POSNER**
Gabriel Posner (applying for admission pro hac vice)
77 Water Street, 8th Floor
New York, New York, 10005
Telephone: (646) 546-5022
Email:  gabriel.posner@outlook.com

**COMPLAINT—CLASS ACTION** – 14