THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSE RODRIGUEZ,<br>on behalf of himself and all others<br>similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC. and<br>ALLIANCEONE RECEIVABLES<br>MANAGEMENT, INC.,<br><br>Defendants. | Case No. C15-01224-RAJ<br><br>**ORDER ON DEFENDANT<br>ALLIANCEONE'S MOTION FOR<br>SUMMARY JUDGMENT** |

This matter comes before the Court on Defendant AllianceOne Receivables Management, Inc.'s ("AllianceOne") Motion for Summary Judgment. Dkt. # 35. Plaintiff Jesse Rodriguez opposes the motion. Dkt. # 38. For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion. Dkt. # 35.

**I.     BACKGROUND**

Plaintiff Jesse Rodriguez, on behalf of himself and others similarly situated, filed suit against Defendants Experian Information Solutions, Inc. ("Experian") and AllianceOne, claiming that Defendants violated the Fair Credit Report Act ("FCRA"). Dkt. # 1. AllianceOne is a debt collecting agency that contracted with the City of Seattle to collect on unpaid parking ticket judgments. Dkt. # 37. When collecting a

ORDER - 1

judgment, AllianceOne would typically attempt to work with the judgment debtor to pay off the unpaid debt. If the debtor did not cooperate or was unresponsive, AllianceOne would request the debtor's credit report to obtain updated contact information or attachable assets. Dkt. # 39 Ex. B.

The City of Seattle referred several of Plaintiff's parking tickets to AllianceOne for collection. Dkt. # 37. These unpaid parking tickets were eventually reduced to judgment[1]. Dkt. # 9. On December 14, 2013 and April 3, 2014, AllianceOne requested and received Plaintiff's credit report from Experian in order to obtain more information to aid them in collecting payment of Plaintiff's parking ticket judgments. Dkt. # 37. AllianceOne then attempted to garnish one of Plaintiff's bank accounts. The garnishment was unsuccessful because Plaintiff had no money in that account. Dkt. # 36.

On May 1, 2015, Plaintiff applied for and was denied a credit card from Bank of America. *Id.* At that time, Plaintiff learned that he had collection accounts reporting on his credit report. *Id.* Plaintiff then paid off these debts. Dkt. # 37. On August 4, 2015, Plaintiff filed this suit, alleging, among other things, that AllianceOne violated the FCRA when it requested Plaintiff's credit report for an alleged impermissible purpose. Dkt. # 1.

## II.  LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.

---

[1] The parties dispute the exact date on which these debts became judgments.

ORDER - 2

*Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

However, the court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also, White v. McDonnel-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim"). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. V. Pac Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987).

**III. DISCUSSION**

A. Permissible Purpose

As noted in the Court's previous Order denying AllianceOne's Motion to Dismiss, under the FCRA, third parties may request a consumer's credit report from a

credit reporting agency for "certain statutorily enumerated purposes." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 674 (9th Cir. 2009)("*Pintos II*"). Consumer credit reports may be used for debt collection purposes, as long as debt collection agencies demonstrate that the outstanding debt, in addition to "involving" consumers, stems from a "credit" transaction. Dkt. # 21. In order for the credit transaction to "involve" a consumer, that consumer must "initiate" the transaction. *Pintos II*, 605 F.3d at 675.

Instead of making an argument about the application of the law to the facts of this case, AllianceOne now advocates for an alternative reading of the statute, which it believes provides an alternative basis for finding that AllianceOne had a "permissible purpose" to request Plaintiff's credit report. AllianceOne argues that when 15 U.S.C. §§ 1681b(a)(3)(A), 1681b(c) and 1681a(m) are read together, the ensuing interpretation allows credit reports to be used in credit transactions that are not initiated by the consumer. 15 U.S.C. § 1681b(a)(3)(A) allows a consumer report to be obtained for "review of collection of an account." 15 U.S.C. § 1681b(c) sets forth conditions in which a consumer credit report may be provided in connection with a "credit or insurance transaction that is not initiated by the consumer." 15 U.S.C. § 1681a(m) defines what is not included under the umbrella of the term "credit or insurance transaction that is not initiated by the consumer." One of the actions not included within that term is the use of a credit report by a "person with which the consumer has an account or insurance policy for purposes of . . . collecting the account." 15 U.S.C. § 1681a(m). AllianceOne argues that because section 1681a(m) specifically excludes "collecting an account" from the definition of the term "credit or insurance transaction that is not initiated by the consumer", the inverse of that proposition must be true. Thus, by AllianceOne's reasoning, the collection of an account is a credit transaction that is initiated by the consumer.

ORDER - 4

While the Ninth Circuit specifically states that it did not "opine on the meaning or scope of 15 U.S.C. §§ 1681a(m) and 1681b(c)," its statements regarding the purpose of those provisions are illuminating. Per the decision in *Pintos III*, sections 1681a(m) and 1681b(c) were added to the FCRA "to permit lenders and insurance companies to solicit for business by purchasing lists and limited information about customers who match certain criteria (such as zip code and credit score) from credit reporting agencies," or to allow these companies to send "pre-approved" offers of credit to certain customers. Thus, these sections were drafted to accommodate a different situation than the situation at issue here. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 676 n.2 (9th Cir. 2010) ("*Pintos III*")

AllianceOne relies on language from Chief Judge Kozinski's dissent in *Pintos III* to support its argument. However, a dissent is a dissent for a reason. The current state of the law is that under section 1681b(a)(3)(A), debt collection agencies can only request a consumer's credit report if that consumer initiates the transaction, not that all debt collection is wholesale "initiated by the consumer". AllianceOne is not asking the Court to look at these statutes to determine whether there was an alternative permissible purpose under which its actions may have been lawful; AllianceOne is asking the Court to overrule Ninth Circuit case law and interpretation of the FCRA. The Court declines to do so. AllianceOne's motion for summary judgment of Plaintiff's claim that it violated the CFRA is **DENIED.**

B. Willful or Negligent Violation of the FCRA

The FCRA provides a private right of action against businesses that use consumer reports but fail to comply. An affected consumer is entitled to actual damages for negligent violations, and actual or statutory and punitive damages for willful violations. 15 U.S.C. §§ 1681o(a), 1681n(a). A "reckless disregard of a requirement of FCRA would qualify as a willful violation within the meaning of §

1681n(a)." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 71 (2007). "Thus, a company subject to the FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69.

AllianceOne argues that it did not willfully violate the FCRA because its interpretation of the statute and its interpretation of the applicable case law is reasonable. Plaintiff argues that the terms of the statute unambiguously bar AllianceOne's interpretation, thus, whether or not it believed its interpretation was correct is immaterial. Where the statute at issue is "not subject to a range of plausible interpretations", the Court "need not consider [the defendant's] subjective interpretation of the FCRA in determining whether it acted in reckless disregard of the statutory language, and therefore willfully." *Syed v. M-I, LLC*, 853 F.3d 492, 505 (9th Cir. 2017). However, as evident by clear precedent and even the parties' arguments in this case, the statute at issue has been subject to interpretation and cannot be characterized as unambiguous. As such, the Court must consider whether AllianceOne's interpretation of the FCRA's terms was reasonable.

Previously, AllianceOne had a practice of obtaining debtors' credit reports to obtain relevant information about the debtor. Dkt # 39 Ex. B. In 2007, the Ninth Circuit held that, under 15 U.S.C. § 1681b(a)(3)(A), debt collectors may request a consumer's credit report "only in connection with a credit transaction in which a consumer has participated directly and voluntarily." *Pintos v. Pacific Creditors Ass'n*, 504 F.3d 792, 796 (9th Cir. 2007)("*Pintos I*"). In reaching this decision, the Ninth Circuit relied on the definition of "credit" provided by the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), which amended the FCRA.

Following the decision in *Pintos I*, AllianceOne ceased pulling credit reports for the collection of parking tickets, presumably because they no longer believed that ticket judgments qualified as a "permissible purpose" under 15 U.S.C. § 1681b(a)(3)(A). Dkt. # 37; Dkt. # 39 Ex. I. After *Pintos I* was issued, the decision was withdrawn and superseded by *Pintos II*[2]. The decision in *Pintos II* no longer referenced the FACTA amendments, but reached the same end result. After *Pintos II* was issued, AllianceOne believed that collecting on judicially adjudicated parking tickets was a permissible purpose for obtaining consumer credit reports and resumed requesting credit reports for judicially adjudicated government debts. Dkt. # 37. In reaching this conclusion, AllianceOne relied on the new language in *Pintos II* and an "FCRA Permissible Purpose Certification Form" sent to AllianceOne by Experian, which led it to believe that Experian shared the same interpretation of the law. Dkt. ## 36 Ex. C; Dkt. # 37.

In arguing that its interpretation was objectively reasonable, AllianceOne points to certain language in the decision in *Pintos II*. "If a debt has been judicially established, there is a 'credit transaction involving the consumer' no matter how it arose. The obligation is established as a matter of law, and the statute is satisfied." *Pintos II*, 565 at 1113-1114. AllianceOne notes that the term "judgment" is used repeatedly in the decision, arguing that the use of this term indicated an intention to reinforce the holding that "a judgment creditor is authorized under the statute to obtain a credit report in connection with collection efforts." *Hasbun v. County of Los Angeles*, 323 F.3d 801 (9th Cir. 2003). However, this language does not address the issue of whether parking ticket judgments are "credit" transactions or whether that type of debt is the "judicially established debt" contemplated by the Ninth Circuit.

---

[2] The defendants in *Pintos I and II* then filed a petition for re-hearing *en banc* of *Pintos II*. The Ninth Circuit denied the petition and issued *Pintos III*, with opinions from Chief Judge Kozinski and Circuit Judge Gould dissenting from the denial of rehearing *en banc*.

ORDER - 7

Nor does the decision in *Pintos II* specifically address the post-FACTA meaning of section 1681b(a)(3)(A). As a self-described "reasonably prudent company in the business of collecting judgment debts" it is not objectively reasonable that AllianceOne did not consider these issues when using *Pintos II* to interpret the FCRA. Dkt. # 35.

AllianceOne's argument that its interpretation of the statute was reasonable because it relied on its understanding of Experian's interpretation of the statute is similarly unpersuasive. AllianceOne cites to no statutory authority or case law that indicates that a party may excuse its allegedly violative behavior because it relied on a third party's interpretation of the law. AllianceOne is in the business of collecting judgment debts and its understanding of Experian's interpretation of the decision in *Pintos II* does not persuade the Court that its interpretation was reasonable. In this case, AllianceOne's duty to exercise due diligence cannot be fulfilled by relying on the experiences or actions of others.

The Court must now determine whether AllianceOne's interpretation of section 1681b(a)(3)(A) rises to the level of reckless disregard. At issue is whether AllianceOne "ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Safeco*, 551 U.S. at 69. While AllianceOne's reading of the FCRA is objectively unreasonable, there is a question of fact as to whether it ran an "unjustifiably high risk of violating the statute. *Id.* at 70. The parties provide declarations and depositions that provide some of the impetus for AllianceOne's decision to resume pulling credit reports for parking ticket judgments, but there is little evidence as to how this decision was made. AllianceOne has not asserted that it consulted with counsel about its interpretation of Ninth Circuit law nor is there any evidence regarding AllianceOne's interpretation of the Experian "FCRA Permissible Purpose Certification Form" that it claims it relied on. Simply put, there is

a genuine issue of material fact as to whether AllianceOne's interpretation of the FCRA was "merely careless" or whether it was reckless. Therefore, AllianceOne's Motion for Summary Judgment as to its liability under 15 U.S.C. § 1681n(a) is **DENIED.**

    C.  Negligent Violation of the FCRA

"[N]egligent actions are those which do not meet the standard of objective reasonableness." *Syed v. M-I, LLC*, 853 F.3d 492, 504 (9th Cir. 2017). However, negligence should not be conflated with recklessness. It is possible for a company's interpretation of a statute be "objectively unreasonable without rising to the level of recklessness." *Id.* at 505. Any person who is negligent in failing to comply with any requirement imposed by the FCRA with respect to any consumer is liable to that consumer for actual damages. 15 U.S.C. § 1681o(a). Because this is the only relief available for a claim for negligent violations of the FCRA, summary judgment in favor of the defendant would be appropriate if the plaintiff fails to raise a triable dispute as to whether defendant's conduct resulted in actual damages. *Weinberg v. Whatcom Cnty.*, 241 F.3d 746, 751–752 (9th Cir. 2001) (affirming summary judgment where plaintiff "failed to offer competent evidence of damages" for a claim in which plaintiff "bore the burden of establishing the amount of actual harm"); *see Banga v. Experian Info. Sols., Inc*., 473 F. App'x 699, 700 (9th Cir. 2012) ("The district court properly granted summary judgment on Banga's claims for negligent violations under § 1681o of the Act because she failed to raise a triable dispute as to whether defendants' conduct resulted in actual damages.").

Plaintiff makes no argument and provides no evidence that he suffered actual damages. As Plaintiff fails to raise a triable dispute as to whether AllianceOne's

a genuine issue of material fact as to whether AllianceOne's interpretation of the FCRA was "merely careless" or whether it was reckless. Therefore, AllianceOne's Motion for Summary Judgment as to its liability under 15 U.S.C. § 1681n(a) is **DENIED.**

    C.  Negligent Violation of the FCRA

"[N]egligent actions are those which do not meet the standard of objective reasonableness." *Syed v. M-I, LLC*, 853 F.3d 492, 504 (9th Cir. 2017). However, negligence should not be conflated with recklessness. It is possible for a company's interpretation of a statute be "objectively unreasonable without rising to the level of recklessness." *Id.* at 505. Any person who is negligent in failing to comply with any requirement imposed by the FCRA with respect to any consumer is liable to that consumer for actual damages. 15 U.S.C. § 1681o(a). Because this is the only relief available for a claim for negligent violations of the FCRA, summary judgment in favor of the defendant would be appropriate if the plaintiff fails to raise a triable dispute as to whether defendant's conduct resulted in actual damages. *Weinberg v. Whatcom Cnty.*, 241 F.3d 746, 751–752 (9th Cir. 2001) (affirming summary judgment where plaintiff "failed to offer competent evidence of damages" for a claim in which plaintiff "bore the burden of establishing the amount of actual harm"); *see Banga v. Experian Info. Sols., Inc*., 473 F. App'x 699, 700 (9th Cir. 2012) ("The district court properly granted summary judgment on Banga's claims for negligent violations under § 1681o of the Act because she failed to raise a triable dispute as to whether defendants' conduct resulted in actual damages.").

Plaintiff makes no argument and provides no evidence that he suffered actual damages. As Plaintiff fails to raise a triable dispute as to whether AllianceOne's

conduct resulted in actual damages, to the extent that Plaintiff makes a claim for negligent violations under 15 U.S.C. § 1681o, summary judgment is **GRANTED**[3].

D. Request for Further Discovery Under Federal Rule of Civil Procedure 56(d)

Plaintiff argues in his Response that summary judgment is premature under Federal Rule of Civil Procedure 56(d). Federal Rule of Civil Procedure 56(d) allows the Court to defer consideration of, or deny, a summary judgment motion if the opposing party cannot present facts essential to justify its opposition. Fed. R. Civ. P. 56(d). AllianceOne's Motion was only granted as to Plaintiff's claim for negligent violations of the FCRA under 15 U.S.C. § 1681o. Plaintiff makes no argument that further discovery would help them contradict AllianceOne's claim that Plaintiff cannot show actual damages, but contends that it is entitled to discovery on matters that would go towards the issue of whether AllianceOne was reckless or negligent. These matters were decided in Plaintiff's favor and are still active, thus Plaintiff's request to deny AllianceOne's Motion under Rule 56(d) is **DENIED.**

### IV. CONCLUSION

For all the foregoing reasons, the Court **DENIES in part** and **GRANTS in part** Defendant's motion for summary judgment. Dkt. # 35.

Dated this 3rd day of October, 2017.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

---

[3] Plaintiff argues that he also intends to seek injunctive relief for the proposed class under the FCRA. To date, the Fifth Circuit is the only Appellate Court to rule definitely on whether such relief is available under the FCRA. The Ninth Circuit has yet to weigh in on this matter. This is a matter more appropriately addressed in Plaintiff's motion for class certification and will be not discussed at this time. Plaintiff also argues, for the first time, that it intends to pursue claims under state law analogues to the FCRA which do provide for injunctive relief. Plaintiff cannot seek to amend his Complaint at this late stage in the proceedings and does not cite to any legal authority that would allow him to do so.

ORDER - 10