THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSE RODRIGUEZ,
on behalf of himself and all others
similarly situated,

Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC. and
ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.,

Defendants.

Case No. C15-01224-RAJ

**ORDER ON PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Class Certification and to be Appointed Class Counsel[1]. Dkt. # 42. Defendants oppose the Motion. Dkt. # 43. Having considered the parties' briefs and balance of the record, the Court

---

[1] The Court strongly disfavors footnoted legal citations. Footnoted citations serve as an end-run around page limits and formatting requirements dictated by the Local Rules. See Local Rules W.D. Wash. LCR 7(e). Moreover, several courts have observed that "citations are highly relevant in a legal brief" and including them in footnotes "makes brief-reading difficult." *Wichansky v. Zowine*, No. CV-13-01208-PHX-DGC, 2014 WL 289924, at *1 (D. Ariz. Jan. 24, 2014). The Court strongly discourages the Parties from footnoting their legal citations in any future submissions. *See Kano v. Nat'l Consumer Co-op Bank*, 22 F.3d 899-900 (9th Cir. 1994).

ORDER-1

finds oral argument unnecessary. For the reasons stated below, the Court **GRANTS** Plaintiffs' Motion.

## II. BACKGROUND

Plaintiff Jesse Rodriguez, on behalf of himself and others similarly situated, filed suit against Defendants Experian Information Solutions, Inc. ("Experian") and AllianceOne, claiming that Defendants violated the Fair Credit Report Act ("FCRA"). Dkt. # 1. AllianceOne is a debt collecting agency that contracted with the City of Seattle to collect on unpaid parking ticket judgments. Dkt. # 37. When collecting a judgment, AllianceOne would typically attempt to work with the judgment debtor to pay off the unpaid debt. If the debtor did not cooperate or was unresponsive, AllianceOne would request the debtor's credit report to obtain updated contact information or attachable assets. Dkt. # 39 Ex. B.

The City of Seattle referred several of Plaintiff's parking tickets to AllianceOne for collection. Dkt. # 37. These unpaid parking tickets were eventually reduced to judgment[2]. Dkt. # 9. On December 14, 2013 and April 3, 2014, AllianceOne requested and received Plaintiff's credit report from Experian in order to obtain more information to aid them in collecting payment of Plaintiff's parking ticket judgments. Dkt. # 37. AllianceOne then attempted to garnish one of Plaintiff's bank accounts. The garnishment was unsuccessful because Plaintiff had no money in that account. Dkt. # 36. On May 1, 2015, Plaintiff applied for and was denied a credit card from Bank of America. *Id.* At that time, Plaintiff learned that he had collection accounts reporting on his credit report. *Id.* Plaintiff then paid off these debts. Dkt. # 37. On August 4, 2015, Plaintiff filed this suit, alleging, among other things, that AllianceOne violated the FCRA when it requested Plaintiff's credit report for an alleged impermissible purpose. Dkt. # 1.

---

[2] The parties dispute the exact date on which these debts became judgments.

ORDER-2

Plaintiff argues that AllianceOne violated the FCRA every time it requested and obtained a consumer credit report from Experian as part of the collection process on judgments stemming from unpaid parking tickets. Accordingly, Plaintiff filed this class action lawsuit.

On October 20, 2016, the Court issued an Order dismissing this action with prejudice as to Defendant Experian. Dkt. # 28. On October 3, 2017, the Court granted in part and denied in part AllianceOne's motion for summary judgment. Dkt. # 48.

### III. LEGAL STANDARD

The Court's decision to certify a class is discretionary. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009). Federal Rule of Civil Procedure 23 ("Rule 23") guides the Court's exercise of discretion. A plaintiff "bears the burden of demonstrating that he has met each of the four requirements of Rule 23(a) and at least one of the [three alternative] requirements of Rule 23(b)." *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 724 (9th Cir. 2007). Rule 23(a) requires a plaintiff to demonstrate that the proposed class is sufficiently numerous, that it presents common issues of fact or law, that it will be led by one or more class representatives with claims typical of the class, and that the class representative will adequately represent the class. *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 161 (1982); Fed. R. Civ. P. 23(a).

If a plaintiff satisfies the Rule 23(a) requirements, he must also show that the proposed class action meets one of the three requirements of Rule 23(b). *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). Here, Plaintiffs move for class certification under Rule 23(b)(2) and (b)(3). Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) is met where "a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011).

Plaintiff also seeks certification under Rule 23(b)(3). A class may be certified under this subdivision if: (1) common questions of law and fact predominate over questions affecting individual members, and (2) if a class action is superior to other means to adjudicate the controversy. Fed. R. Civ. P. 23(b)(3). The "predominance" and "superiority" prongs of Rule 23 work together to ensure that certifying a class "would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (internal citation and quotation omitted). A "central concern of the Rule 23(b)(3) predominance test is whether 'adjudication of common issues will help achieve judicial economy.'" *Vinole*, at 944 (quoting *Zinser*, 253 F.3d at 1189). Thus, the Court must determine whether resolution of common questions would resolve a "significant aspect" of the class members' claims such that there is "clear justification" for class treatment. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998) (citations omitted).

In considering Rule 23's requirements, the Court must engage in a "rigorous analysis," but a "rigorous analysis does not always result in a lengthy explanation or in depth review of the record." *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 961 (9th Cir. 2005) (citing *Falcon*, 457 U.S. at 161). The Court is neither permitted nor required to conduct a "preliminary inquiry into the merits" of the plaintiff's claims. *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974)); *see also* Fed. R. Civ. P. 23 advisory committee's note (2003) ("[A]n evaluation of the probable outcome on the merits is not properly part of the certification decision."); *but see Dukes*, 564 U.S. at 351 (suggesting that Rule 23 analysis may be inextricable from some judgments on the merits in a particular case). The Court may assume the truth of a plaintiff's substantive allegations, but may require more than bare allegations to determine whether a plaintiff has satisfied the requirements of Rule 23. *See*, *e.g.*, *Blackie*, 524 F.2d at 901, n.17; *Clark v. Watchie*, 513 F.2d 994, 1000 (9th

Cir. 1975) ("If the trial judge has made findings as to the provisions of the Rule and their application to the case, his determination of class status should be considered within his discretion.").

## IV. DISCUSSION

Plaintiff moves that the Court certify a class under the following definition:

> All natural persons residing in the United States whose consumer report as defined by 15 U.S.C. § 1681a(d) was obtained by AllianceOne, from Experian, for the purpose of collecting a debt arising out of any vehicle parking violation in the United States. The class excludes all persons who have filed for bankruptcy.

Dkt. # 42 at 6; Dkt. # 1 ¶ 23. The relevant class period is August 4, 2013, through August 4, 2015[3], the date of the filing of Plaintiff's Complaint. *Id.* AllianceOne does not dispute that Plaintiff's proposed class meets the requirement of numerosity.

### A. Federal Rule of Civil Procedure 23(a)

Rule 23(a)(2) requires "a common contention . . . of such a nature that it is capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011). "A contention is common to all members if 'determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1103 (9th Cir. 2017) (quoting *Dukes*, 564 U.S. at 350). "[T]he key inquiry is not whether the plaintiffs have raised common questions, but rather, whether class treatment will generate common *answers* apt to drive the resolution of the

---

[3] AllianceOne argues that Plaintiff defined the class such that he does not fall within it. Plaintiff's Motion for Class Certification states that the relevant class period is August 4, 2014, through August 4, 2015. Dkt. # 42 at 6. However, Plaintiff filed an *errata* with the Court stating that the time period stated in his Motion for Class Certification contained a typographical error. Dkt. # 46. Therefore, AllianceOne's related arguments will not be considered as they are moot.

ORDER-5

litigation." *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (internal quotation marks omitted).

AllianceOne argues that individualized issues regarding causation and damages would overwhelm the common questions shared by the potential class members such that consideration would require several individual trials. Specifically, AllianceOne argues that not all tickets reduced to judgments are credit transactions and that determining whether each ticket is a credit transaction would require individual inquiries into the circumstances of each parking ticket. The Court disagrees that this determination would overtake the issues common to the proposed class. As noted by Plaintiff, the questions of whether AllianceOne's policy of pulling credit reports when collecting unpaid parking ticket judgments constitutes a "permissible purpose" under the FCRA, and whether this policy constituted willful violation of the FCRA are common to each plaintiff. The answers to these questions will generate "common answers" that will drive the resolution of this litigation. AllianceOne does not dispute that it pulled Experian credit reports for each potential plaintiff to collect on a judgment for unpaid parking tickets or that they had a common practice of doing so when collecting on such judgments. AllianceOne's attempt to differentiate each plaintiff by the circumstances under which they agreed to settle their debt or whether they might have another collection account with AllianceOne is not persuasive. Therefore, Plaintiff's claim satisfies the requirement of commonality.

Plaintiff's claim also satisfies the typicality requirement of Rule 23(a). Rule 23(a)(3) requires that the claims of the representative parties be typical of the claims of the class. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). AllianceOne argues that Plaintiff's claims cannot be representative of the rest of the class because he will be held up as an "expert" on credit repair. AllianceOne bases this

argument on the fact that Plaintiff is marketing himself as a "Credit Repair Expert" on a website. Dkt. # 36 Ex. A. However, AllianceOne fails to provide any argument as to how this will differentiate Plaintiff's claim from those of the rest of the class or how Plaintiff's factual background affects the nature of his claim. "Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Hanon*, 976 F.2d at 508.

Questions of a class representative's adequacy dovetail with questions of his counsel's adequacy. Fed. R. Civ. P. 23(g)(4) ("Class counsel must fairly and adequately represent the interests of the class."). To determine whether the adequacy requirement is met, courts may be guided by two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011). AllianceOne makes several arguments that Plaintiff's local counsel, Ryan Pesicka, cannot adequately protect the interests of the class because of potential conflicts between Mr. Pesicka, Plaintiff, and the potential class. However, Plaintiff does not seek to appoint Mr. Pesicka as class counsel and AllianceOne makes no argument challenging the qualifications of Plaintiff's other counsel. AllianceOne makes no argument as to how Plaintiff's personal connection with Mr. Pesicka would affect the ability of Plaintiff's three other attorneys to "fairly and adequately protect the interests of the class" pursuant to Rule 23(a)(4).

AllianceOne also contends that Plaintiff has a practice of filing lawsuits against collection agencies, and has filed four other lawsuits, at least one of which was brought against a debt collector. Dkt. # 35 at 8. AllianceOne highlights this as a possible conflict of interest but does not provide any further explanation as to how Plaintiff's previous lawsuits would infringe on his ability to act as class counsel. Even if Plaintiff is, as AllianceOne implies, a "serial filer" of lawsuits against collection agencies, it does not necessarily follow that there is a conflict of interest between Plaintiff and the rest of the

class members.  The Court finds that Plaintiff has and will continue to vigorously prosecute this matter on behalf of the class.  Moreover, based on the record, the Court concludes that counsel has provided and will likely continue to provide adequate representation for the proposed class.

### B. Federal Rule of Civil Procedure 23(b)(2)

As the Court finds that Plaintiff satisfies the requirements of Rule 23(a), the Court will now determine whether the proposed class action meets one of the three requirements of Rule 23(b).  Certification under Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b).

As a preliminary matter, it is unclear what declaratory and injunctive relief Plaintiff is requesting.  Plaintiff argues that in the absence of an injunction, AllianceOne "would otherwise be free to continue its illegal practice of requesting consumer credit reports for consumers on whom they are collecting unpaid parking tickets." Dkt. # 42.  However, AllianceOne represents that it no longer requests credit reports to aid in the collection of debts for judgments arising out of parking violations. Dkt. # 43; Dkt. # 37 ¶ 2.  Plaintiff also contends that he suggested that AllianceOne purge their system of "unlawfully obtained information".  Plaintiff does not clearly indicate that he intends to request that AllianceOne delete all of the data it obtained from consumer credit reports it pulled to aid in the relevant collection efforts, however the Court infers from Plaintiff's statement that this is part of his requested injunctive relief.  It is unclear how the deletion of the data obtained during the period at issue would provide relief to Plaintiff and the potential class members.  Rule 23(b)(2) applies "when a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart*, 131 S.Ct. at 2557. While it is possible that AllianceOne is still using information obtained from consumer credit reports from August 4, 2013, through August 4, 2015, to collect on

ORDER-8

unpaid parking tickets at present, it is equally possible that it is no longer using that information now, and certainly plausible that many of the potential class members have already paid off their parking tickets. Thus, an injunction or declaratory judgment would not provide relief to "each member of the class" as required to certify a class under Rule 23(b)(2), and Plaintiff fails to show that the potential class meets the requirements to be certified under this Rule[4].

### C. Federal Rule of Civil Procedure 23(b)(3)

#### 1. *Predominance*

To meet the predominance requirement, common questions of law and fact must be "a significant aspect of the case . . . [that] can be resolved for all members of the class in a single adjudication." *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 589 (9th Cir. 2012) (quoting *Hanlon*, 150 F.3d at 1022). To make this determination, the Court must analyze the elements of the underlying cause of action. *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011).

Under the FCRA, third parties may request a consumer's credit report from a credit reporting agency for "certain statutorily enumerated purposes." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 674 (9th Cir. 2009)("*Pintos II*"). Consumer credit reports may be used for debt collection purposes, as long as debt collection agencies demonstrate that the outstanding debt, in addition to "involving" consumers, stems from a "credit" transaction. Dkt. # 21. In order for the credit transaction to "involve" a consumer, that consumer must "initiate" the transaction. *Pintos II*, 605 F.3d at 675. The FCRA provides

---

[4] In AllianceOne's Motion for Summary Judgment, AllianceOne argued that the FCRA does not allow for private injunctive relief, citing to *Washington v. CSC Credit Services, Inc.*, 199 F.3d 263 (5th Cir. 2000). In this Court's Order granting in part and denying in part AllianceOne's motion for summary judgment, the Court noted that the Ninth Circuit had not yet weighed in on whether private injunctive relief is available under the FCRA and that AllianceOne's claim for injunctive relief would be more appropriately addressed in the Order on Plaintiff's Motion for Class Certification. Dkt. # 48. As the Court finds that the potential class fails to meet the standards of Rule 23(b)(2), AllianceOne's argument need not be addressed here.

a private right of action against businesses that use consumer reports but fail to comply. An affected consumer is entitled to actual damages for negligent violations, and actual or statutory and punitive damages for willful violations. 15 U.S.C. §§ 1681o(a), 1681n(a). The central issues in Plaintiff's FCRA claim are whether AllianceOne's conduct of requesting consumer credit reports while collecting on unpaid parking ticket judgments violated the FCRA and whether that conduct was willful. Both of these are common issues that can be resolved for all members of the potential class in a single adjudication.

AllianceOne makes a cursory argument that individual inquiries would need to be made with respect to each class member to determine class membership, to establish whether the class members' claims are barred by res judicata or collateral estoppel, to establish the causation elements of Plaintiff's willfulness claim, and to prove damages. However, Plaintiff represents that identification of class members has largely already been completed by AllianceOne, and the Court does not agree that establishing the causation elements of Plaintiff's willfulness claim requires an individualized inquiry. AllianceOne had a practice of obtaining consumer credit reports to aid in its efforts to collect unpaid parking ticket judgments. This practice was a result of a decision AllianceOne made in response to its interpretation of the law. AllianceOne's actions as a result of this decision were not based on an individual's specific circumstances, but on a practice that possibly violated the FCRA in the same exact manner for each class member.

AllianceOne's argument that common issues do not predominate because an individualized determination must be made regarding its possible defenses of res judicata or collateral estoppel, is similarly unpersuasive. If such a determination was an impediment to class certification, then very few classes would ever be certified. Rule 23(b)(3) does not require that a class be devoid of all individualized inquiries in order to be certified, only that the common questions of law and fact be a "significant aspect of the case." *Mazza*, 666 F.3d at 589. The same principle is applicable to AllianceOne's

argument regarding calculation of damages.  While it might be necessary to conduct an individualized review of each claim to ascertain each class member's actual damages, Plaintiff represents that AllianceOne maintains thorough and easily searchable electronic records which would presumably aid in determining relevant information.  Despite the possible individualized nature of damages calculations in this matter, the Court nevertheless finds that "[c]lasswide resolution of the common issues is superior to the filing of multiple and duplicative lawsuits and will result in the efficient and consistent resolution of overarching questions." *Helde v. Knight Transp., Inc.*, No. C12-0904RSL, 2013 WL 5588311, at *5 (W.D. Wash. Oct. 9, 2013); *see also Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975) ("The amount of damages is invariably an individual question and does not defeat class action treatment.").

**1. Superiority**

Finally, the Court considers whether the class is superior to individual suits. *Amchem*, 521 U.S. at 615.  "A class action is the superior method for managing litigation if no realistic alternative exists." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996).  This superiority inquiry requires a comparative evaluation of alternative mechanisms of dispute resolution.  *Hanlon*, 150 F.3d at 1023.  Rule 23(b)(3) provides a non-exhaustive list of factors relevant to the superiority analysis.  Fed. R. Civ. P. 23(b)(3).

AllianceOne presents no new arguments in support of its claim that a class action would not be a superior method for managing this litigation, merely repeating its contention that the potential class members will be required to litigate "numerous and substantial separate issues in order to prove their entitlement to relief."  As noted above, these arguments are largely unpersuasive.  Plaintiff argues that class certification is superior to numerous individual FCRA actions because each class member is an individual consumer who is not likely able to successfully maintain an FCRA action against AllianceOne where the maximum statutory damages per violation of the FCRA is

only $1,000. If the class members were forced to bring individual claims for relatively small amounts of damages, then many members would most likely refrain after realizing "the disparity between their litigation costs and what they hope to recover." *Wiener v. Dannon Co.*, 255 F.R.D. 658, 672 (C.D. Cal. 2009) (quoting *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001)). Accordingly, the superiority requirement of Rule 23(b)(3) is satisfied.

## V. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's motion for class certification. Dkt. # 42.

Dated this 22nd day of February, 2018.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge