# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is between Jesse Rodriguez ("Plaintiff"), individually and as representative of the Settlement Class Members as defined below, and AllianceOne Management Receivables, Inc. ("AllianceOne").

## Article 1    BACKGROUND

(a)  On August 4, 2015, Plaintiff filed an action styled as *Rodriguez v. AllianceOne Management Receivables, Inc.*, in the United States District Court for the Western District of Washington (Civil Action No. 2:15-cv-01224-RAJ alleging, among other things, that AllianceOne failed to comply with the Fair Credit Reporting Act (the "FCRA").

(b)  On December 7, 2015, Defendant filed a Motion to Dismiss Plaintiff's claims; Plaintiff filed an Opposition on January 4, 2016; on July 25, 2016, the Court denied Defendant's Motion to Dismiss.

(c)  Defendant subsequently filed a Motion for Summary Judgment, which Plaintiff similarly opposed. Summary Judgment was granted in part and denied in part.

(d)  On February 22, 2018, this Court granted class certification as to the remainder of Plaintiff's claims. The class that was certified consists of the following:

"All natural persons residing in the United States whose consumer report as defined by 15 U.S.C. § 1681a(d) was obtained by AllianceOne, from Experian, for the purpose of collecting a debt arising out of any vehicle parking violation in the United States. The class excludes all persons who have filed for bankruptcy."

(e)  Beginning in April 2018, the parties conducted an arms-length settlement negotiation, and engaged in a class-wide mediation before Louis D. Peterson of Hillis, Clark, Martin & Peterson. The ongoing settlement negotiations facilitated through Mr. Peterson consisted of offers and counteroffers lasting over four months' time, ultimately culminating in a settlement

agreement in principle.

(f) The Parties are willing to enter into this Settlement Agreement to settle the claims of the Settlement Class Members because of, among other things, the attendant expenses, risks, difficulties, delays, and uncertainties of further litigation, including appeals.

(g) Plaintiff and Settlement Class Counsel believe that this Settlement Agreement provides fair, reasonable, and adequate relief to the Settlement Class Members, and is in their best interest to be settled, compromised, and dismissed on the merits and with prejudice on the terms set forth below.

(h) AllianceOne denies all claims asserted against it in the Litigation, denies all allegations of wrongdoing and liability, and denies that anyone was harmed by the conduct alleged, but nevertheless desires to settle Plaintiff's and the Settlement Class Members' claims solely for the purposes of avoiding the burden, expense, risk, and uncertainty of continuing the Litigation and of putting to rest the controversies engendered.

(i) The statements above are true and correct and are a substantive part of this Settlement Agreement.

## Article 2      DEFINITIONS

As used in this Settlement Agreement, the terms defined below have the meanings assigned to them when capitalized in the same fashion as in this **Error! Reference source not found.**.

(a) "**Attorneys' Fees and Costs**" means the attorneys' fees and expenses (including court costs and expert witness fees) approved by the Court.

(b) "**CAFA Notice**" means notice required in accordance with the Class Action Fairness Act of 2005 (28 U.S.C. § 1715(a)).

(c) "**Claims**" means all actions, causes of action, proceedings, adjustments, executions, offsets,

contracts, judgments, obligations, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, variances, covenants, trespasses, damages, demands, agreements, promises, liabilities, controversies, costs, expenses, attorneys' fees and losses, whether in law, in admiralty, in equity, or otherwise, and whether based on any federal law, state law, foreign law, common law right of action, or otherwise, and whether asserted orally or in writing or otherwise, and whether foreseen or unforeseen, and whether matured or unmatured, and whether known or unknown, and whether accrued or not accrued, and whether existing now or to be created in the future.

(d) "**Court**" means the United States District Court for the Western District of Washington

(e) "**Defendant's Counsel**" means David Cramer and Christopher Hawk of Gordon Rees Scully Mansukhani, LLP.

(f) "**Distribution Stale Date**" means the last date on which checks sent to Settlement Class Members under **Error! Reference source not found.** expire or otherwise go stale, which shall be 90 days after they are mailed to Settlement Class Members.

(g) "**Effective Date**" means the date on which the last of the following with respect to the Court's entry of the Final Approval Order and the Court's orders about Attorneys' Fees and Costs and any individual settlement and service award to Plaintiff have occurred: (i) the expiration of 33 days after entry of the Final Approval Order; (ii) if the 33rd day after entry of the Final Approval Order falls on a weekend or a Court holiday, the next business day after that 33rd day; (iii) such date to which the time to file a motion to alter or amend the Final Approval Order or to take an appeal has been extended by the Court or otherwise; and, (iv) if such motion to alter or amend is filed, or if an appeal is taken, three business days after a determination of any such motion or appeal, with no possibility of further appellate review,

resulting in final judicial approval of this Settlement Agreement that permits the consummation of the settlement in accordance with the terms and conditions contained within this Settlement Agreement. For purposes of this definition, the term "appeal" includes writ proceedings.

(h) "**ALLIANCEONE**" means AllianceOne Receivables Management, Inc., the Defendant in this Litigation.

(i) "**FCRA**" means the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 - § 1681x, and any subsequent amendments thereto, and any regulations or guidance issued under it.

(j) "**FCRA State Equivalents**" means any statute or regulation of any state, U.S. territory, the District of Columbia, or Puerto Rico that has the purpose or effect of regulating the collection or reporting of information about individuals.

(k) "**Final Approval**" means the approval of the Settlement Agreement by the Court at or after the Final Fairness Hearing, and entry on the Court's docket of the Final Approval Order.

(l) "**Final Approval Order**" means a final order and judgment in substantially the form attached hereto as Exhibit A that the Court enters to unconditionally approve the Settlement Agreement and to dismiss with prejudice the Released Claims and to enter a judgment according to the terms set forth in this Settlement Agreement.

(m) "**Final Fairness Hearing**" means the hearing at which the Court will consider and finally decide whether to approve this Settlement Agreement, enter the Final Approval Order, and make such other rulings as are contemplated by this Settlement Agreement.

(n) The words "**include**," "**includes**," and "**including**," mean (respectively) include without limitation, includes without limitation, and including without limitation.

(o) "**Litigation**" means *Rodriguez v. AllianceOne Management Receivables, Inc.*, No. 2:15-cv-

(p) "**Mail Notice**" means the notice document in substantially the form attached hereto as Exhibit C that will be mailed to Settlement Class Members.

(q) "**Net Distribution Amount**" means the amount in the Settlement Fund after payments out of the Settlement Fund pursuant to this Settlement Agreement and approved by the Court for any of the following: any Attorneys' Fees and Costs; any individual settlement and service award to the Plaintiff.

(r) "**Notice Date**" means the date on which the Settlement Administrator mails the Mail Notice.

(s) "**Parties**" means Plaintiff and AllianceOne.

(t) "**Preliminary Approval**" means the preliminary approval of the Settlement Agreement by the Court, conditional certification of a class for settlement purposes composed of the Settlement Class Members, and approval of the method and content of notice to the Settlement Class Members.

(u) "**Released Claims**" means all Claims arising under the FCRA and all Claims arising under FCRA State Equivalents arising from, based on, or related to AllianceOne's obtaining of a consumer credit report in an attempt to collect a debt for unpaid parking tickets, including any judgments emanating therefrom.

(v) "**Released Parties**" means AllianceOne and its present, former, and future officers, directors, partners, employees, agents, contractors, suppliers, furnishers, attorneys, servants, heirs, administrators, executors, members, member entities, shareholders, predecessors, successors, affiliates, subsidiaries, parents, representatives, trustees, principals, insurers, vendors and assigns, regardless of the legal theory by which that person could be asserted to be liable for any Released Claim.

(w) "**Settlement Administrator**" means Kurtzman Carson Consultants, LLC ("KCC").

(x) "**Settlement Agreement**" means this Settlement Agreement and Release.

(y) "**Settlement Class Counsel**" means Todd Friedman of Law Offices of Todd M. Friedman, P.C., Ari H. Marcus of Marcus & Zelman, LLC and Gabriel Y. Posner of Posner Law PLLC.

(z) "**Settlement Class Members**" means All natural persons residing in the United States whose consumer report as defined by 15 U.S.C. § 1681a(d) was obtained by AllianceOne, from Experian, for the purpose of collecting a debt arising out of any vehicle parking violation in the United States. The class excludes all persons who have filed for bankruptcy. The relevant class period is August 4, 2013, through August 4, 2015. Excluded from the Settlement Class Members is any consumer who has previously released his or her claims against AllianceOne, and the Judge overseeing the Litigation.

(aa) "**Settlement Fund**" means the amount paid under **Error! Reference source not found.** of this Settlement Agreement.

(bb) "**Taxes**" means all local, state, or federal income taxes.

(cc) "**Tax Expenses**" means, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) Tax returns described in **Error! Reference source not found.** of this Settlement Agreement.

## Article 3        NO ADMISSIONS

### Section 3.1        AllianceOne's Denial of Wrongdoing or Liability

AllianceOne has denied and continues to deny any fault, wrongdoing, violation of the law, or liability related to the conduct alleged in this Litigation. AllianceOne denies the validity of the claim and the prayer for relief asserted in this Litigation. AllianceOne has asserted and continues

to assert many defenses in this Litigation, including that it complies with the FCRA. No action or document is, or is to be construed as, an admission, where:

(a) "action" includes the Parties' discussion of the possibility of settlement, the negotiation of a settlement, their entry into this Settlement Agreement, their carrying out this Settlement Agreement, and their willingness to do the foregoing;

(b) "document" includes each provision of this Settlement Agreement or of any document that led to it, implements it, or relates to it or to which it refers; and

(c) "admission" includes any admission of the validity of any claim, any status, or any fact alleged in this Litigation, of any fault, wrongdoing, violation of law, or liability of any kind on the part of AllianceOne of any claim or allegation made in any action or proceeding against AllianceOne, or of the infirmity of any defense.

## Article 4 MOTION FOR PRELIMINARY APPROVAL

### Section 4.1 Filing of Motion for Preliminary Approval

No later than February 18, 2019, Settlement Class Counsel shall file this Settlement Agreement with the Court together with an Uncontested Motion for Preliminary Approval that seeks entry of an order substantially in the form attached hereto as Exhibit B that would, for purposes of this Settlement Agreement only:

(a) preliminarily approve this proposed Settlement Agreement;

(b) approve the proposed Mail Notice to the Settlement Class Members in a form substantially similar to that attached hereto as Exhibit C;

(c) certify Plaintiff as the representative of the Settlement Class Members;

(d) appoint Settlement Class Counsel as counsel for the Settlement Class Members; and

(e) appoint the Settlement Administrator to perform the duties that this Settlement Agreement assigns to it.

**Section 4.2     Settlement Administration and Retention of Settlement Administrator**

Settlement Class Counsel, having obtained consent from Defendant's Counsel, shall hire the Settlement Administrator, and the Settlement Administrator will be responsible for, among other things and as set forth in detail in this Settlement Agreement: (1) mailing the Mail Notice to Settlement Class Members pursuant to **Error! Reference source not found.**; (2) establishing and maintaining the Telephone Assistance Program pursuant to **Error! Reference source not found.**; and (3) custody and disbursement of the Settlement Fund pursuant to **Error! Reference source not found.**.

**Article 5      NOTICE PLAN**

**Section 5.1     Preparation and Production of List of Identified Settlement Class Members from AllianceOne's Files**

AllianceOne shall prepare a list of Settlement Class Members within 10 business days after Preliminary Approval and deliver the list to the Settlement Administrator. AllianceOne has represented, and Plaintiff has relied on the representation, that there are 14,918 Settlement Class Members. AllianceOne shall use reasonable methods in good faith to prepare the class list so that it names each Settlement Class Member. AllianceOne shall use reasonable methods to de-duplicate the class list. In addition to the names of the prospective Settlement Class Members on the class list, AllianceOne shall use reasonable methods to provide the most recent mailing address found in AllianceOne's databases for each prospective Settlement Class Member, to the extent such information exists and can be systematically retrieved from those databases, along with any other present pertinent identifying information.

**Section 5.2     Use of Class List**

Before initially mailing the Mail Notice, the Settlement Administrator shall update the mailing address for each Settlement Class Member against the USPS National Change of Address

database. The Settlement Administrator shall not use any part of the class list for any purpose other than carrying out its duties under this Settlement Agreement. The Settlement Administrator shall not disclose any part of the class list other than as necessary to carry out its duties under this Settlement Agreement. The Settlement Administrator shall destroy the class list within 10 days after the expiration for the deadline for Settlement Class Members to cash their settlement checks.

**Section 5.3     Notice Process**

For purposes of providing Court-approved class notices and establishing that the Parties have given the best practicable notice, the Settlement Administrator shall provide class notice as follows:

**Subsection 5.3.1   Mail Notice**

Within 30 days after Preliminary Approval, the Settlement Administrator shall send the Mail Notice (in a form substantially similar to that attached hereto as Exhibit C) by first-class U.S. mail, postage prepaid, to each Settlement Class Member on the class list. The Mail Notice must contain the following categories of information: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). The Mail Notice must also contain information about the Telephone Assistance Program (described in **Error! Reference source not found.** of this Settlement Agreement). For any Mail Notice returned to the Settlement Administrator with a forwarding address, the Settlement Administrator shall re-mail the Mail Notice to the provided forwarding address within five days of receiving any such returned Mail Notice. Not later than 20 days before the Final Fairness Hearing, the Settlement Administrator shall provide Defendant's Counsel with proof of the mailing of the Mail Notice and Defendant's Counsel shall file the same with the Court.

### Subsection 5.3.2  Telephone Assistance Program

The Settlement Administrator shall establish and staff a toll-free telephone number to answer questions from Settlement Class Members. The Settlement Administrator shall activate the toll-free number no later than three business days before the Notice Date. Through the toll-free numbers, the Settlement Administrator shall provide access to live support during the hours of 8:00 am through 6:00 pm Pacific Time, Monday through Friday (excluding federal holidays) and a recorded informational message outside of those hours. The Settlement Administrator shall provide these services in English on one of the numbers and in Spanish on the other. Not later than 20 days before the Final Fairness Hearing, the Settlement Administrator shall provide proof of the establishment and maintenance of the Telephone Assistance Program to Plaintiff's Counsel and Plaintiff's Counsel shall file the same with the Court. The Settlement Administrator shall deactivate the toll-free numbers within 90 days after the mailing of the Settlement Class Member distributions described in **Error! Reference source not found.** of this Settlement Agreement.

### Section 5.4      Expenses of Notice and Administration

### Subsection 5.4.1  Invoices Required

The Settlement Administrator shall invoice to counsel for the parties all administration costs incurred by the Settlement Administrator in administering the class.

### Subsection 5.4.2  Payment of Expenses

All expenses associated with settlement administration and the sending of the Mail Notice and CAFA Notice, whether counsel perform them or delegate them to the Settlement Administrator, shall be paid through and by the common fund settlement of $2.2 million dollars.  From the settlement fund, a reserve of $75,000 (the "Reserve") shall be set aside for payment of expenses and compensation to the Settlement Administrator.  The Settlement Administrator shall issue invoices to counsel for the parties, and, after approval of the invoice by both parties, shall be

entitled to withdraw from the Reserve amounts to cover actual expenses and compensation as approved by the parties. Any money remaining in the Reserve, following full administration of the settlement, shall be returned to the settlement fund to be distributed in accordance with Section 8.8.

### Section 5.5    Notice Under Class Action Fairness Act of 2005

The Settlement Administrator shall send CAFA Notice in accordance with 28 U.S.C. § 1715(a) not later than 10 days after the Parties file this Settlement Agreement with the Court.

### Article 6    PROCEDURES FOR OPT-OUTS AND OBJECTIONS

### Section 6.1    Opt-Out Procedures for Settlement Class Members

The Mail Notice must contain information about how a Settlement Class Member may opt out of the Settlement Class, including the potential implications of doing so. A proposed Settlement Class Member may request to be excluded from the Settlement Class by sending a written request for exclusion to the Settlement Administrator, addressed to "Exclusion Requests – AllianceOne *Rodriguez* Settlement." To be valid, the proposed Settlement Class Member's opt-out request must contain the proposed Settlement Class Member's name, original signature, current postal address, and current telephone number, and a statement that the proposed Settlement Class Member wants to be excluded from the Settlement Class. To be valid, opt-out requests must be postmarked no later than 45 days after the date of mailing the Mail Notice. To be valid, a request must not purport to opt out of the class of the Settlement Class Members for a group, aggregate, or class involving more than one Settlement Class Member. Requests for exclusions that do not comply with the requirements in this **Error! Reference source not found.** are invalid.

### Section 6.2    List of Opt-Outs

No later than ten business days after the deadline for submission of opt-out requests, the Settlement Administrator shall provide to Settlement Class Counsel and Defendant's Counsel a complete list

of all persons who have validly opted out of the class of Settlement Class Members together with copies of the opt-out requests. Settlement Class Counsel and Defendant's Counsel shall not disclose or use the list except for the purpose of carrying out their responsibilities under this Settlement Agreement.

**Section 6.3     Representation of Opt-Outs**

Settlement Class Counsel affirm that this Settlement Agreement is fair, reasonable, and in the best interest of the Settlement Class Members. Settlement Class Counsel shall, if contacted, not represent any such opt-outs but shall refer any such opt-outs to the applicable local or state bar association for appropriate counsel with respect to any matters relating to the claims brought in this Action against any Released Party.

**Section 6.4     Objections from Settlement Class Members**

Any Settlement Class Member who does not opt out may object to the Settlement Agreement or any other matters described in the Mail Notice only as follows:

**Subsection 6.4.1  Notice of Intent to Object**

To be effective, an objection must be made individually by an individual Settlement Class Member, not as a member of a group or subclass and, except in the case of a deceased or incapacitated Settlement Class Member, not by the act of another person acting or purporting to act in a representative capacity. For an objection to be effective, a notice of intent to object to the Settlement must be (a) filed with the Clerk of the Court not later than 45 days after the date of mailing the Mail Notice; (b) in compliance with all applicable Washington and federal laws and rules; and (c) sent to Settlement Class Counsel and Defendant's Counsel by first-class mail, postmarked no later than 45 days after the date of mailing the Mail Notice.

### Subsection 6.4.2   Contents of Objection

The objection must contain: (a) the objecting Settlement Class Member's name, address, and telephone number; (b) the name of this Litigation and the case number; (c) a statement of each objection; and (d) a written brief detailing the specific basis for each objection, including any legal and factual support that the objecting Settlement Class Member wishes to bring to the Court's attention and any evidence the objecting Settlement Class Member wishes to introduce in support of the objection.

### Subsection 6.4.3   Additional Contents for Represented Members

If the Settlement Class Member's objection is submitted through an attorney, the objection must contain, in addition to the information set forth in **Error! Reference source not found.** of this Settlement Agreement: (a) the identity and number of the Settlement Class Members represented by objector's counsel;

### Subsection 6.4.4   Objectors' Counsel Fees

If an objector's counsel will ask to be awarded attorneys' fees or expenses from a source other than his or her client, that counsel must file with the Court and serve on all Counsel, in addition to the documents described in **Error! Reference source not found.** and **Error! Reference source not found.** of this Settlement Agreement, not later than 20 days before the Final Fairness Hearing, a document containing the following information: (a) a description of the attorney's legal background and prior experience in connection with class action litigation, including all the previous cases in which the attorney has represented an objector to a class action settlement; (b) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (c) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (d) the number of hours

already spent by the attorney and an estimate of the hours to be spent in the future; and (e) the attorney's hourly rate.

## Article 7    FINAL FAIRNESS HEARING AND FINAL APPROVAL

### Section 7.1    Final Fairness Hearing

The Parties shall jointly request that the Court hold the Final Fairness Hearing to consider approval of this Settlement Agreement as this **Error! Reference source not found.** provides upon the later of: (a) approximately 120 days after Preliminary Approval, or (b) at least 90 days after the mailing of CAFA Notice under **Error! Reference source not found.** of this Settlement Agreement. No later than 20 days before the Final Fairness Hearing, Settlement Class Counsel shall file a motion for entry of the Final Approval Order. The Final Approval Order is a final judgment dismissing the Litigation with prejudice in the form attached hereto as Exhibit A.

### Section 7.2    Final Approval

All relief contemplated by this Settlement Agreement is contingent upon the Settlement Agreement receiving the Court's Final Approval.

## Article 8    SETTLEMENT FUND

### Section 8.1    Settlement Fund Amounts, Holding, and Use

#### Subsection 8.1.1   Creation of and Deposits into Settlement Fund

Within 10 business days after Final Approval, AllianceOne shall transfer to the Settlement Administrator, by draft or by wire, $2,200,000 in United States currency for deposit into the Settlement Fund. The Settlement Administrator shall not commingle the Settlement Fund with any other funds. The Settlement Administrator may hold the Settlement Fund in cash, cash equivalents, certificates of deposit, or instruments insured by an arm of or backed by the full faith and credit of the United States Government. Interest earned, if any, on the Settlement Fund will be for the

benefit of the Settlement Class Members if the Effective Date occurs and AllianceOne does not terminate this Settlement Agreement.

### Subsection 8.1.2   Control of Settlement Fund

Class Counsel and Defendant's Counsel shall direct the Settlement Administrator to make distributions from the Settlement Fund only in accordance with this Settlement Agreement and Orders of the Court.

### Section 8.2   Settlement Fund Tax Status

### Subsection 8.2.1   Qualified Settlement Fund

The Parties shall treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. 1.468B-1. In addition, the Settlement Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this **Error! Reference source not found.**, including the "relation back election" (as defined in Treas. Reg. 1.468B-1) back to the earliest permitted date. The Settlement Administrator shall make those elections in compliance with the procedures and requirements contained in those regulations. The Settlement Administrator shall timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter cause the appropriate filing to occur.

### Subsection 8.2.2   Administrator

For the purpose of Treasury Regulation 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" will be the Settlement Administrator. The Settlement Administrator shall timely and properly file all informational and other tax returns necessary or advisable related to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. 1.468B-2(k)). For the Settlement Administrator to have fulfilled these obligations, such returns (as well as the election described in **Error! Reference source not found.** of this Settlement Agreement) must be consistent with this **Error! Reference**

**source not found.** of this Settlement Agreement and in all events must reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund will be paid out of the Settlement Fund as provided in **Error! Reference source not found.** of this Settlement Agreement.

### Subsection 8.2.3  Payment of Taxes and Tax Expenses

The Settlement Administrator shall pay out of the Settlement Fund all (i) Taxes (including any estimated Taxes, interest or penalties) related to income earned by the Settlement Fund, including any Taxes or tax detriments imposed upon the Released Parties related to income earned by the Settlement Fund for any period when the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this **Error! Reference source not found.** (including Tax Expenses); in no event shall the Released Parties have any responsibility for or liability related to the Taxes or the Tax Expenses. The Settlement Administrator shall indemnify and hold the Released Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, the Settlement Administrator shall timely pay Taxes and Tax Expenses out of the Settlement Fund without prior order from the Court. The Settlement Administrator shall (despite anything in this Settlement Agreement to the contrary) withhold from distribution any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. 1.468B-2(l)). The Released Parties are not responsible therefore nor shall they have any liability with respect thereto. The Parties shall cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this **Error! Reference source not found.**.

**Section 8.3    Attorneys' Fees and Costs**

### Subsection 8.3.1   Request for Attorneys' Fees and Costs

No later than 30 days after the date of mailing the Mail Notice, Settlement Class Counsel shall file a request to the Court for reimbursement of Attorneys' Fees and Costs from the Settlement Fund. The amount that Settlement Class Counsel requests must not exceed $733,333.33 (or one-third of the settlement fund). AllianceOne does not and shall not oppose such a request, and agrees that it will fund the amount of Attorneys' Fees and Costs awarded by the Court, up to $733,333.33, and that the amount awarded by the Court may be paid from the Settlement Fund.

### Subsection 8.3.2   Settlement is not Contingent on Attorneys' Fees and Costs

This Settlement Agreement is not conditional on the Court's approval of Attorneys' Fees and Costs in the requested amount or in any amount whatsoever. Settlement Class Counsel shall request the Court to consider them separately from the fairness, reasonableness, and adequacy of the Settlement Agreement. The Court's ruling on the request will not terminate or cancel the Settlement Agreement or give Plaintiff or Settlement Class Counsel a right or option to do so.

### Subsection 8.3.3   Attorneys' Fees and Costs are Paid from Settlement Fund

Other than establishing the Settlement Fund, AllianceOne will have no responsibility for, or liability related to, the payment of Attorneys' Fees and Costs to the Settlement Class Counsel. The sole source of any payment of Attorneys' Fees and Costs will be the Settlement Fund.

### Subsection 8.3.4   Payment of Attorneys' Fees and Costs

Out of the Settlement Fund, the Settlement Administrator shall pay Attorneys' Fees and Costs within 7 days after the Effective Date in an amount that the Court approves.

**Section 8.4     Individual Settlement and Service Award to Plaintiff**

**Subsection 8.4.1   Application for Individual Settlement and Service Award**

No later than 30 days after the date of mailing the Mail Notice, Settlement Class Counsel shall apply to the Court for an individual settlement and service award, not to exceed $5,000.00, to be paid to Plaintiff in recognition of his service as class representative. AllianceOne does not and shall not oppose such an application.

**Subsection 8.4.2   Settlement is not Contingent on Individual Settlement and Service Award**

This Settlement Agreement is not conditional on the Court's approval of an individual settlement and service award in the amount applied for or in any amount whatsoever. The Court's ruling on the application will not terminate or cancel this Settlement Agreement or give Plaintiff or Settlement Class Counsel a right or option to do so.

**Subsection 8.4.3   Individual Settlement and Service Award is Paid from Settlement Fund**

Other than establishing the Settlement Fund, AllianceOne will have no responsibility for, or liability related to, the payment of the individual settlement and service award to Plaintiff. The sole source of any payment of the individual settlement and service award will be the Settlement Fund.

**Subsection 8.4.4   Payment of Individual Settlement and Service Award**

Out of the Settlement Fund, the Settlement Administrator shall pay the individual settlement and service award within 7 days after the Effective Date in an amount that the Court approves.

**Section 8.5     Settlement Class Member Payments**

**Subsection 8.5.1   Distribution to All Settlement Class Members**

Each Settlement Class Member whose name appears on the class list, whose Mail Notice is not returned as undeliverable, and who does not opt out, is entitled to payment under the process set

forth in **Error! Reference source not found.** of this Settlement Agreement in an amount equal to their *pro rata* share of the Net Distribution Amount.

### Subsection 8.5.2  Settlement Payments are Paid from Settlement Fund

The Settlement Administrator shall fund all payments to Settlement Class Members through the Settlement Fund. AllianceOne will have no responsibility for, or liability related to, the payments to Settlement Class Members. The sole source of any payment to any Settlement Class Member will be the Settlement Fund.

### Subsection 8.5.3  Payment Conditional on Acknowledging Release

Settlement checks sent to Settlement Class Members shall state, in either case, in a manner that the cashing, deposit, or other negotiation of the check binds the recipient: "This payment is tendered to you as a class member in *Rodriguez v. AllianceOne Receivables Management, Inc.*, No. 2:15-cv-01224-RAJ, in consideration for your release of the Released Parties as set forth in the Settlement Agreement and Release."

## Section 8.6     Use and Disbursement of Settlement Fund

### Subsection 8.6.1  Disbursements on the Effective Date

Within 7 days after the Effective Date, the Settlement Administrator shall pay from the Settlement Fund the Attorneys' Fees and Costs approved by the Court, if any, to Settlement Class Counsel under **Error! Reference source not found.** of this Settlement Agreement and the individual settlement and service award, if any, to Plaintiff under **Error! Reference source not found.** of this Settlement Agreement. Within 10 days after the Effective Date, the Settlement Administrator shall begin the distribution of the funds remaining in the Settlement Fund (after payments of amounts under **Error! Reference source not found.** and **Error! Reference source not found.** to Settlement Class Members in accordance with this Settlement Agreement. The Settlement

Administrator shall distribute payments from the Settlement Fund under **Error! Reference source not found.** of this Settlement Agreement.

## Section 8.7    Settlement Class Member Distribution Plan

Within 10 days after the Effective Date, the Settlement Administrator shall mail payments to Settlement Class Members as set forth in **Error! Reference source not found.** of this Settlement Agreement via U.S. mail. The Settlement Administrator shall not mail any payments to those Settlement Class Members whose Mail Notice was returned to the Settlement Administrator as undeliverable. The settlement checks shall state that the checks must be deposited or cashed within 90 days and that the checks will not be valid after that date. The settlement checks shall additionally include the information described in **Error! Reference source not found.** of this Settlement Agreement. The Settlement Administrator shall ensure that, if a check has not been deposited or cashed within 90 days mailing, the amount of the check remains in the Settlement Fund for distribution in accordance with **Error! Reference source not found.**. The Final Approval Order must order that amounts that would have been payable on the negotiation of any check not deposited or cashed are not subject to escheat under any state law.

## Section 8.8    Distribution of Excess Funds

If any excess funds remain in the Settlement Fund after all distributions have been made in accordance with this Settlement Agreement, the Settlement Administrator shall distribute any remaining balance as a *cy pres* donation as follows: fifty percent (50%) to Public Justice, and fifty percent (50%) to YWCA Economic Resilience Initiative.

## Section 8.9    Capped Fund

The Settlement Administrator shall pay all of the following from the Settlement Fund: (i) payments to Settlement Class Members; (ii) payments to Settlement Class Counsel for Attorneys' Fees and Costs; and (iii) an individual settlement and service award to Plaintiff. Under no circumstances

shall AllianceOne be required to pay more than $2,200,000.00 into the Settlement Fund under this Settlement Agreement. AllianceOne is not required to pay any other amounts under this Agreement.

## Article 9      RELEASE OF CLAIMS

### Section 9.1     Release

Upon the Effective Date, Plaintiff, for himself and as a representative of the Settlement Class Members and on behalf of each Settlement Class Member and his or her spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors, and assigns and all those acting or purporting to act on their behalf, acknowledges the full satisfaction of the Released Claims, and fully, finally, and forever settles, releases, and discharges the Released Parties from the Released Claims. Upon the Effective Date, Plaintiff, for himself, hereby fully, finally, and forever settles, releases, and discharges the Released Parties from any claims that were or could have been asserted in the Litigation. Upon the Effective Date, this Settlement Agreement will bind every Settlement Class Member, even if the Settlement Class Member never received actual notice of the Settlement Agreement before the Final Fairness Hearing and even if the Settlement Class Member never receives payment under this Settlement Agreement. Upon the Effective Date, the Court must dismiss the Released Claims, Plaintiff's individual claims, and the Litigation with prejudice.

### Section 9.2     Waiver of California Civil Code Section 1542 and South Dakota Codified Laws Section 20-7-11

Plaintiff, for himself and for each Settlement Class Member, acknowledges that they are familiar with principles of law such as Section 1542 of the Civil Code of the State of California and Section 20-7-11 of the South Dakota Codified Laws, which provide:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER

FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff and the Settlement Class Members hereby waive the provisions, rights, and benefits of Section 1542 of the Civil Code of the State of California and Section 20-7-11 of the South Dakota Codified Laws and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that might apply to the fullest extent permitted by law in connection with all unknown claims constituting Released Claims. Plaintiff and the Settlement Class Members hereby affirm that this waiver is knowing and voluntary. Plaintiff and the Settlement Class Members hereby acknowledge that they are aware that they may hereafter discover claims presently unknown and unsuspected or facts in addition to or different from those that they now know or believe to be true related to the Released Claims.

## Article 10    TERMINATION

### Section 10.1    Termination by Either Party

Each Party may terminate this Settlement Agreement and declare it null and void ab initio, if one or more of the conditions for reaching the Effective Date definitively and finally fails, including if any of the following conditions occurs:

(a)  The Court requires a notice process materially different from the notice process set forth in this Settlement Agreement or as otherwise agreed upon mutually by the Parties in writing;

(b)  The Court fails to issue a Preliminary Approval Order in accordance with the terms of this Settlement Agreement;

(c)  The Court fails to enter a Final Approval Order dismissing the Litigation with prejudice and integrating all the terms of this Settlement Agreement;

(d)  The Final Approval Order is appealed and such Final Approval Order is finally reversed or materially modified on appeal;

(e) A party, its counsel or the Settlement Administrator breaches the terms of this Settlement Agreement prior to the Effective Date; or

(f) Any other ground for termination provided elsewhere in this Settlement Agreement.

**Section 10.2   Termination by Plaintiff**

Plaintiff or Settlement Class Counsel may terminate this Settlement Agreement and declare it null and void ab initio if the size of the class becomes materially larger than 14,918 individuals.

**Section 10.3   Termination by Defendant**

Defendant or Defendant's Counsel may terminate this Settlement Agreement and declare it null and void ab initio if more than 3% of the Settlement Class Members request to opt out under **Error! Reference source not found.** of this Settlement Agreement.

**Section 10.4   Effect of Termination**

If the Settlement does not become final and effective for any reason, including if any of the conditions described above occurs and any of the Parties properly elects to terminate the Settlement and the Settlement Agreement as a consequence, then:

(a) None of the terms of the Settlement Agreement will be effective or enforceable and the Settlement and the Settlement Agreement (including without limitation the class certification provisions thereof) will have no further force and effect;

(b) The Parties and their counsel shall not offer any of this Settlement Agreement (or any action or document, as **Error! Reference source not found.** defines those terms) in evidence or otherwise use any of them in the Litigation or any other proceeding for any purpose;

(c) Any Court orders, filings, or other entries on the Court's file that result from this Settlement shall be automatically set aside, withdrawn, and stricken from the record;

(d) This Settlement Agreement (and every action and every document, as **Error! Reference source not found.** defines those terms) will be without prejudice to any Party, and is not to

be construed as an admission (as **Error! Reference source not found.** defines that term);

(e) All Parties will automatically revert to their litigation positions as of November 21, 2018, and stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court; and

(f) The Settlement Administrator shall (on written instructions of Defendant's Counsel, without confirmation from Settlement Class Counsel or Court order) return to AllianceOne the Settlement Fund, less Taxes, Tax Expenses, and any administration costs (including fees, costs, and other expenses of the Settlement Fund) that have been properly disbursed under this Settlement Agreement.

## Article 11    MISCELLANEOUS PROVISIONS

### Section 11.1   Admissibility of Settlement Agreement

This Settlement Agreement shall not be offered or be admissible in evidence in any action or proceeding except (i) the hearings necessary to obtain and implement Court approval of this Settlement Agreement; or (ii) any hearing to enforce the terms of this Settlement Agreement or any related order by the Court.

### Section 11.2   Successors and Assigns

The terms of this Settlement Agreement shall apply to and bind the Parties as well as their heirs, successors, and assigns.

### Section 11.3   Communications Relating to Settlement Agreement

All notices or other formal communications under this Settlement Agreement shall be in writing and sent by mail to counsel for the Party to whom the notice is being directed at the following addresses:

If to Plaintiff:                             If to AllianceOne:

Marcus & Zelman, LLC              GORDON & REES

Attn: Ari H. Marcus, Esq.                    Attn: David Cramer
701 Cookman Avenue, Suite 300                121 SW Morrison St.
Asbury Park, NJ 07712                        Suite 1575
                                             Portland, OR 97204

Any Party may, by written notice to the other Party, change its designated recipient or notice address provided above.

## Section 11.4    Efforts to Support Settlement

The Parties and their counsel shall cooperate fully in seeking Court approval for this Settlement Agreement and to use their reasonable efforts to effect the completion settlement under this Settlement Agreement and to protect the Settlement Agreement by applying for appropriate orders enjoining others from initiating or prosecuting any action arising out of or related to facts or claims alleged in the Litigation, if so required.

## Section 11.5    Procedures for Disputes Between Parties Relating to this Settlement Agreement

To the extent any disputes or issues arise related to documenting or effecting this Settlement Agreement, the Parties shall use their reasonable efforts to informally resolve any such disputes or issue, but in the event any such dispute or issue cannot be resolved informally, shall bring any such dispute or issue to the Court for resolution.

## Section 11.6    Entire and Voluntary Agreement

The Parties intend the Settlement Agreement to be a final and complete resolution of the Litigation. The Parties affirm that they negotiated the terms of the Settlement Agreement at arm's length and in good faith and reached these terms voluntarily after consultation with competent legal counsel. This Settlement Agreement contains the entire agreement and understanding concerning the Litigation and its settlement and supersedes all prior negotiations and proposals, whether written or oral. No one has made any promise, representation, or warranty whatsoever not contained in

this Settlement Agreement and the other documents referred to in this Settlement Agreement to induce anyone to execute the same. The Parties affirm that they have not executed this instrument or the other documents in reliance on any promise, representation, or warranty not contained in this Settlement Agreement and the other documents referred to in this Settlement Agreement.

## Section 11.7   Headings for Convenience Only

The headings in this Settlement Agreement are for the convenience of the reader only. The Parties do not intend the headings to affect the meaning or interpretation of this Settlement Agreement, so have not exercised care to assure that they fully represent the contents of the parts they introduce.

## Section 11.8   Settlement Agreement Controls

To the extent that there is any conflict between the terms of this Settlement Agreement and the exhibits attached hereto, this Settlement Agreement controls.

## Section 11.9   Amendments

This Settlement Agreement may be amended or modified only by a written instrument signed by AllianceOne and Settlement Class Counsel, or their respective successors-in-interest.

## Section 11.10  Authorization of Counsel

Plaintiff hereby authorizes Settlement Class Counsel, on behalf of the Settlement Class Members, to (i) take all appropriate action required or permitted to be taken by the Settlement Class Members as a class under this Settlement Agreement to effectuate its terms and (ii) to enter into any modifications or amendments of this Settlement Agreement on behalf of the Settlement Class Members that they deem necessary or appropriate. Each attorney executing this Settlement Agreement on behalf of any Party hereto hereby warrants that such attorney has the full authority to do so.

**Section 11.11  Confidentiality**

All agreements made and Orders entered during the course of the Litigation relating to the confidentiality of information survive this Settlement Agreement.

**Section 11.12  Court's Jurisdiction**

The Parties and the Settlement Class Members consent to the Court retaining personal and subject-matter jurisdiction for implementation and enforcement of this Settlement Agreement.

**Section 11.13  Construction**

The Parties and their counsel have cooperated in the drafting and preparation of this Settlement Agreement. A court must not construe this Settlement Agreement against either of the Parties on the basis of that Party having drafted any or all of this Settlement Agreement. Before declaring any provision of this Settlement Agreement invalid, a court must first attempt to construe the provision as valid to the fullest extent possible consistent with applicable precedent so as to find all provisions of this Settlement Agreement valid and enforceable. No court may sever or reform any part of this Settlement Agreement unless the Parties agree to the severability or reform. If a court finds that any part of this Settlement Agreement lacks ascertainable meaning, before receiving or admitting any evidence concerning the meaning of any part of this Settlement Agreement other than the Settlement Agreement itself (such as evidence of a prior course of dealing), a court must expressly identify the vague or ambiguous text to which any such evidence would relate, state how the text is vague or ambiguous, and either (i) in the case of vagueness, instruct the Parties to attempt negotiation of that vagueness before resolving the vagueness itself or (ii) in the case of ambiguity, expressly state how the conflicting interpretations are reasonable based on the text in question.

**Section 11.14  No Claims Arising from this Settlement Agreement**

No person will have any claim against AllianceOne, Defendant's Counsel, Plaintiff, or Settlement Class Counsel based on distribution of benefits made substantially in accordance with this Settlement Agreement or any Settlement Agreement-related order(s) of the Court.

**Section 11.15  Applicable Law**

The laws of the United States of America govern this Settlement Agreement and all claims (in contract, in tort, or otherwise) related to it (including its negotiation, execution, performance, or breach). To the extent state law applies for any reason, the internal laws of the State of Washington, other than its principles related to conflicts of laws, govern this Settlement Agreement and all claims (in contract, in tort, or otherwise) related to it (including its negotiation, execution, performance, or breach). No Party or Settlement Class Member may start any judicial proceedings related to this Settlement Agreement in any forum other than the Court. Any notice period set forth in this Settlement Agreement will be calculated under the Federal Rules of Civil Procedure.

**Section 11.16  Counterparts**

The Parties may sign this Settlement Agreement or any related document in multiple counterparts, with the same effect as signing the same document. Each counterpart is an original. An image delivered electronically (including by facsimile transmission) is a counterpart. All counterparts together are one instrument. Counsel for the Parties shall exchange among themselves signed counterparts. Settlement Class Counsel shall file a complete set of executed counterparts with the Court.

**Section 11.17  Date**

This Settlement Agreement comes into effect when the Parties, Settlement Class Counsel, and Defendant's Counsel have signed it. The date of this Settlement Agreement will be the date that

this Settlement Agreement is signed by the last person to sign it (as indicated by the date associated with the person's signature).

Each of the Parties and their counsel is signing this Settlement Agreement on the date stated beside that person's signature.

**Plaintiff:**

_Jesse Rodriguez_ _____      1/16/19 _____
Jesse Rodriguez             Date

**Settlement Class Counsel (as counsel for Plaintiff and the Settlement Class Members):**

**Marcus & Zelman, LLC**

_____      1/16/19 _____
Ari H. Marcus             Date

Posner Law PLLC

_____      _____
Gabriel Y. Posner            Date

**Law Offices of Todd M. Friedman, P.C.**

_____      2/1/19 _____
Todd M. Friedman           Date

**Plaintiff:**

_____     _____
**Jesse Rodriguez**                                          Date

**Settlement Class Counsel (as counsel for Plaintiff and the Settlement Class Members):**

**Marcus & Zelman, LLC**

_____     _____
**Ari H. Marcus**                                            Date

**Posner Law PLLC**

_____     _____
**Gabriel Y. Posner**                                        Date    2|4|2019

**Law Offices of Todd M. Friedman, P.C.**

_____     _____
**Todd M. Friedman**                                         Date

**The Defendant:**
AllianceOne Management Receivables, Inc.

By: _____   1/28/19
                                 Date

**Defendant's Counsel:**
Gordon Rees LLP

By: _____   Jan. 28, 2019
     Christopher Hawk            Date
     Partner