THE LAW OFFICES OF TODD M. FRIEDMAN, PC
WOODLAND HILLS, CA 91367

**UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| JESSE RODRIGUEZ, for himself and all others similarly situated,<br><br>Plaintiffs,<br><br>VS.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. and ALLIANCEONE RECEIVABLES MANAGEMENT, INC.<br><br>Defendants | CIVIL CASE 2:15-cv-01224-RAJ<br><br>Hon. Richard A. Jones<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT**<br><br>NOTE ON THE MOTION CALENDAR: AUGUST 23, 2019 |

Plaintiffs have filed a Motion for an Order Granting Final Approval of Class Action Settlement, Conditionally Certifying Proposed Settlement Class, Approving Motion for Attorneys' Fees and Costs, and granting Incentive Award ("Motion"). Having reviewed the Motion and supporting materials, the Court determines and orders as follows:

On March 25, 2019, this Court entered an Order Granting Preliminary Approval of Settlement, resulting in certification of the following provisional Settlement Class:

> All natural persons residing in the United States whose consumer report as defined by 15 U.S.C. § 1681a(d) was obtained by AllianceOne, from Experian, for the purpose of collecting a debt

arising out of any vehicle parking violation in the United States. The class excludes all persons who have filed for bankruptcy.

Membership in the Settlement Class consists exclusively of individuals provided by Defendants to the Settlement Administrator, as set forth in the Agreement. The Court further approved the form of, and directed the parties to provide, the proposed Class Notice to the Class, which informed Settlement Class Members of: (a) the proposed Settlement, and the Settlement's key terms; (b) the date, time, and location of the Final Approval Hearing; (c) the right of any Settlement Class Member to object to the proposed Settlement, and an explanation of the procedures to exercise that right; (d) the right of any Settlement Class Member to exclude themselves from the proposed Settlement; and an explanation of the procedures to exercise that right; and (e) an explanation of the procedures for Settlement Class Members to participate in the proposed Settlement.

No objections have been made, timely or otherwise, pursuant to the Class Notice sent to the Settlement Class members, nor did any objectors appear at the time of the hearing.

This matter having come before the Court for hearing pursuant to the Order of this Court dated March 25, 2019, for approval of the settlement set forth in the Settlement Agreement and Release ( "Settlement"), and due and adequate notice having been given to the Settlement Class Members as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the promises and good cause appearing therefore, it is ORDERED, ADJUDGED AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of the Action and over all of the parties to the Action.
2. The Court finds that the Settlement Class is properly certified as a class for settlement purposes only.
3. The Class Notice provided to the Settlement Class conforms with the requirements of Fed. Rule Civ. Proc. 23, the California and United States Constitutions, and any

other applicable law, and constitutes the best notice practicable under the circumstances, by providing individual notice to all Settlement Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Settlement Class Members. The notice fully satisfied the requirements of Due Process. No Settlement Class Members have objected to the terms of the Settlement.

4. Four Settlement Class Members have opted out of the Settlement.

5. The Court finds that Defendant properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendant's notice, and finds that it complied with all applicable requirements of CAFA. Further, more than ninety (90) days have elapsed since Defendant provided notice pursuant to CAFA and the Final Approval Hearing.

6. The Court finds the Settlement was entered into in good faith, that the settlement is fair, reasonable and adequate, and that the Settlement satisfies the standards and applicable requirements for final approval of this class action settlement under California law, including the provisions of Fed. Rule Civ. Proc. 23. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable and in the best interests of the Settlement Class Members considering the disputed facts and circumstances of and affirmative defenses asserted in the Action and the potential risks and likelihood of success of pursuing litigation on the merits.

7. The Court has specifically considered the factors relevant to class settlement approval (*see*, *e.g.*, *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004))—including, *inter alia*, the strength of Plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of not maintaining class action status throughout trial; the relief provided for in the settlement; the extent of discovery completed and stage of the proceedings; the experience and views of counsel; and the reaction of the Settlement Class Members to the

proposed settlement (including the claims submitted and lack of any opt-outs or objections)—and upon consideration of such factors finds that the Settlement is fair, reasonable, and adequate to all concerned.

8. Accordingly, the Settlement is hereby finally approved in all respects, and the Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

9. The terms of the Settlement Agreement and of this Final Order, including all exhibits thereto, shall be forever binding in all pending and future lawsuits maintained by the Named Plaintiff and all other Settlement Class Members, as well as their family members, heirs, administrators, successors, and assigns.

10. Upon entry of this Order, compensation to the participating Settlement Class Members shall be effected pursuant to the terms of the Settlement.

11. In addition to any recovery that Plaintiffs may receive under the Settlement, and in recognition of the Plaintiffs' efforts and risks taken on behalf of the Settlement Class, the Court hereby approves the payment of a Service Award to Plaintiff, in the amount of $5,000.00

12. The Court approves the payment of attorneys' fees and costs to Class Counsel in the sum of $733,333.00.

13. The Court approves and orders payment in an amount commensurate with KCC's actual costs, and not to exceed $75,000.00 to KCC for performance of its settlement claims administration services.

14. Upon the Effective Date, the Plaintiffs and Settlement Class Members, [except the excluded individuals referenced in paragraph 4 of this Order], shall have, by operation of this Order and the accompanying Judgment, fully, finally and forever released, relinquished, and discharged Defendant from all claims or liabilities arising from or related to the facts, circumstances or subject matter of this Action, as set forth in the Settlement Agreement. Upon the Effective Date, all Settlement Class Members shall be and are hereby permanently barred and enjoined from the

institution or prosecution of any and all Released Claims that are released under the terms of the Settlement. This Lawsuit and all claims of Plaintiffs and the Settlement Class Members are hereby dismissed with prejudice. Furthermore, Plaintiffs and all Settlement Class Members are hereby barred and permanently enjoined from (a) filing, commencing, prosecuting, intervening in, promoting, or participating (as class members or otherwise) in any lawsuit in any jurisdiction based on or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in this Action; and (b) organizing Settlement Class Members who have not been excluded from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action.

15. This Final Order and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any Released Party (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. This Order, the Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement are not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

17. Upon completion of administration of the Settlement, the Parties shall file a declaration setting forth that claims have been paid and that the terms of the Settlement have been completed.

18. This Judgment is intended to be a final disposition of the above captioned action in its entirety, and is intended to be immediately appealable.

19. This Court shall retain jurisdiction with respect to all matters related to the administration and consummation of the settlement, and any and all claims, asserted in, arising out of, or related to the subject matter of the lawsuit, including but not limited to all matters related to the Settlement and the determination of all controversies related thereto.

**IT IS SO ORDERED.**

Dated this 12th day of November, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge